Center for Disability Access
Farrell Goodman, Esq., SBN 121627
Phyl Grace, Esq., SBN 171771
Amanda Lockhart Seabock, Esq., SBN 289900
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191
Email: farrellg@potterhandy.com

Attorneys for Plaintiff SAMUEL LOVE

Kevin J. Holl, Esq., SBN 124830
Sara Lee, Esq., SBN 265828
Gordon-Creed, Kelley, Holl & Sugerman LLP
101 Montgomery Street, Suite 2650
San Francisco, CA 94104
T: (415) 421-3100; F: (415) 421-3150
holl@gkhs.com; lee@gkhs.com

Attorneys for Defendants JOSEPH J. TRAPANI, TERESA TRAPANI, and MOBILE-TECH AUTOMOTIVE, INC.,

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, | Case No. 3:18-CV-06289-SI |
| Plaintiff, | |
| v. | **CONSENT DECREE AND [PROPOSED] ORDER** |
| **Joseph J. Trapani**; **Teresa Trapani**; **Mobile-Tech Automotive, Inc**., a California Corporation; and Does 1-10, | **HON. SUSAN ILLSTON** |
| Defendants. | |

**TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

1. Plaintiff SAMUEL LOVE filed this action (known as Case No. 3:18-CV-06289-SI) against Defendants seeking money damages and injunctive relief for, *inter alia*, violations of the Americans with Disabilities Act of 1990 (the "ADA") and corresponding state law claims, as well as

common law claims, in the United States District Court for the Northern District of California on October 15, 2018 (Dkt. 1).

2. Defendants and Plaintiff (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle the portion of the case relating to issues of injunctive relief and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability as to: (a) the amount of damages to which Plaintiff may be entitled or (b) the amount of attorneys' fees to which Plaintiff may be entitled.

**JURISDICTION:**

3. The Parties agree that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. and pursuant to supplemental jurisdiction under 28 U.S.C. §1367(a) for alleged violations of California Civil Code §§51 and 54 et. seq.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Action. Accordingly, the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**NO DISMISSAL OF ACTION REQUESTED:**

5. As noted herein, monetary issues are still at issue and accordingly the Parties do not request that the Honorable Court dismiss the action as these issues may still proceed to trial.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

///

///

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

7. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the 2010 Americans with Disabilities Act Standards, unless other standards are specifically agreed to in this Consent Decree and Order.

8. Remedial Measures: The corrective work agreed upon by the Parties is attached hereto as Exhibit "A". Defendants agree to undertake all of the remedial work set forth therein.

9. Timing of Injunctive Relief: Exhibit "A" also includes the estimated timeframe for completing the work described therein. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendants or their counsel will notify Plaintiff's counsel, in writing, within fifteen (15) days after discovering any such difficulties. Defendants, or their counsel, will promptly notify Plaintiff's counsel when the corrective work is complete, and in any case, will provide a status report on or before July 31, 2019.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

10. The Parties have not reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs in this Action (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues, the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either of Plaintiff's past, present, or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses, or costs in

connection with each of his alleged losses, costs, damages, claims, and causes of action as set forth in each of the operative Complaints or otherwise.

**ENTIRE CONSENT ORDER:**

11. This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in

counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

15. Electronic signatures may also bind the Parties and/or their representative(s) as set forth in all applicable Local Rules. The undersigned counsel for Plaintiff does hereby attest that all electronic signatures are affixed only with the express written permission of the signatory.

Respectfully Submitted,

Dated: February 8, 2019          CENTER FOR DISABILITY ACCESS

                                 By:  */s/ Farrell Goodman*
                                     FARRELL GOODMAN, ESQ.
                                     Counsel for Plaintiff

Dated: February 8, 2019          GORDON-CREED, KELLEY,
                                 HOLL & SUGERMAN LLP


                                 By: */s/ Kevin Holl*
                                     KEVIN J. HOLL, ESQ.
                                     SARA LEE, ESQ.
                                     Counsel for Defendants


**IT IS SO ORDERED.**

Dated:  2/11/19
                                 _____
                                 HON. SUSAN ILLSTON
                                 United States District Judge

# Exhibit A

# EXHIBIT "A" TO CONSENT DECREE

The following use of abbreviations shall be used herein:

**ADAS:** Americans with Disabilities Act Standards (as set forth in 28 CFR part 36, subpart D and as required thereby integrating the construction guidelines set forth in 36 CFR part 1191, Appendices B and D)
**AFF:** Above Finish Floor
**CBC:** California Building Code (California Code of Regulations, Title 24-2)

As used in this Exhibit "A", the term "Fully Compliant" shall indicate that the feature, fixture, space or improvement in question shall be designed and/or constructed and/or installed to meet all applicable requirements of: (i) ADAS and (ii) the currently enforceable and relevant provisions of the CBC.

As used in this Exhibit "A", the term "Facility" shall refer to Traps Tire & Auto Service located at 490 Victory Avenue, South San Francisco, California.

Any capitalized term(s) used herein, but not defined within this Exhibit "A," shall have the same meaning ascribed to said term(s) in the Consent Decree.

Defendants shall undertake the following actions, alterations and modification to the Facility:

Defendants agree that the remedies and alterations set forth and agreed to herein relate to existing inaccessible conditions at the time of the filing of Plaintiff's Complaint and further agree that they shall neither construct nor create an inaccessible condition that does not currently exist in undertaking any of the remedies and alterations agreed to herein.

On or before July 31, 2019, Defendants agree that they shall make the following modifications and alterations with respect to Facility:

1. PARKING

    a. Defendants shall provide Fully Compliant van accessible parking spaces and access aisles in the parking lot for the Facility. Without limiting the generality of the foregoing, the van accessible space and access aisle shall be designed and constructed so that: (i) neither the parking space nor the access aisle serving the space shall demonstrate surface slopes in excess of 2% and (ii) the space and access aisle shall demonstrate all appropriate dimensions, striping, surface

identification and parking signs necessary to create a Fully Compliant parking environment. Defendants are specifically cautioned that the access aisle must be on the passenger side of the van accessible space.
b. Defendants shall assure that the above required space and the access aisle shall be located at the closest possible point to the accessible entrance(s) to the Facility.
c. Defendants shall cause all required signage, including "Minimum Fine $250" signage, International Symbol of Accessibility logos, tow-away signage, and "NO PARKING" lettering in the access aisle, to be properly mounted and displayed.
d. Defendants shall assure a clear, unobstructed Fully Compliant path of travel, demonstrating surface slopes not in excess of 2%, from the head of the access aisle to the accessible entrance(s) at the Facility.